**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRI LINK,<br>Plaintiff, | ) | Civil Action No. 15-643 |
| v. | ) | Magistrate Judge Robert C. Mitchell/<br>District Judge Cathy Bissoon |
| ARS NATIONAL SERVICES, INC.,<br>Defendant. | ) | |

**REPORT AND RECOMMENDATION**

ROBERT C. MITCHELL, United States Magistrate Judge.

## I. RECOMMENDATION

Defendant ARS National Services, Inc. filed a motion for judgment on the pleadings on August 4, 2015 [ECF No. 10]. For the reasons that follow, it is respectfully recommended that Defendant's motion be denied.

## II. REPORT

On May 18, 2015, Defendant ARS National Services, Inc. ("ARS") removed this action from the Court of Common Pleas of Allegheny County, Pennsylvania. Plaintiff Terri Link alleges that ARS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant answered the complaint on May 22, 2015 and filed a motion for judgment on the pleadings on August 4, 2015. Defendant seeks judgment in its favor on Plaintiff's claim that it violated the FDCPA by disclosing a barcode on a debt collection letter's envelope that when scanned reveals an account number identifying Plaintiff. The motion is fully briefed and ripe for disposition. For the following reasons, it is respectfully recommended that Defendant's motion be denied.

### a. Standard of Review

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the

pleadings, "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), will only be granted if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citations omitted). Under this standard, the facts pleaded and the inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Id*.

Where the motion for judgment on the pleadings pursuant to Rule 12(c) argues that the Plaintiff fails to state a claim upon which relief can be granted, "the court considers the motion under the same standard as a Rule 12(b)(6) motion even where no motion to dismiss under Rule 12(b)(6) has been made." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (citing *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)). In this instance, the court may consider the facts alleged in the complaint and the context of any documents the complaint references. *Id*.

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

(2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

b. Factual Background

The facts set forth below are accepted as true and viewed in the light most favorable to Plaintiff in accordance with the applicable standard of review.

On or about November 10, 2014, ARS, which is a debt collection agency, sent Plaintiff a collection letter seeking to collect a consumer debt owed to Department Stores National Bank. Compl. [ECF No. 1-2] at ¶ 4. Defendant included the following barcode on the outside of the envelope:



When this barcode is scanned with the proper device and read by a software program, it reveals Plaintiff's account number as "5996-[REDACTED]-2490." *Id.* at ¶ 9. While Plaintiff does not explicitly plead whether this account number refers to the underlying debt or to an internal account number held by Defendant, it is clear that this account number is somehow associated with and identifies Plaintiff. Plaintiff claims that the account number and other information stored in the barcode is easily accessible by scanning it with a smartphone's camera

through a barcode reader application. *Id*. at ¶ 10. Plaintiff argues that this violates 15 U.S.C. § 1692f(8) by using a symbol on a debt collection envelope.

c. Discussion

The issue subject of the present motion is quite simple: Whether the presence of a barcode on a debt collection letter's envelope that when scanned with the appropriate software reveals an account number identifying the debtor violates Section 1692f(8) of the FDCPA.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). The FDCPA prohibits the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

However, a number of courts have carved out the "benign language" exception to this provision finding that the plain language of Section 1692f(8) would produce absurd results,[1] for example, by not allowing a stamp to be added to the envelope. *See Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004); *Goswami v. Am. Collections Enter.*,

---

[1] In statutory interpretation, a court must first look to the text of the statute. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302 (3d Cir. 2014). If the text of the statute is plain and unambiguous "and expresses [Congress's intent] with sufficient precision, we need not look further." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011) (citations omitted). If a statute's "literal application . . . will produce a result demonstrably at odds with the intentions of its drafters," a court must "construe statutes sensibly and avoid constructions which yield absurd or unjust results." *Douglass*, 765 F.3d at 302 (citations omitted).

*Inc.*, 377 F.3d 488, 494 (5th Cir. 2004); *Gardner v. Credit Mgmt. LP*, No. 14 CIV. 9414, 2015 WL 6442246 (S.D.N.Y. Oct. 23, 2015); *Davis v. MRS BPO, LLC*, No. 15 C 2303, 2015 WL 4326900, at *5 (N.D. Ill. July 15, 2015); *Waldron v. Prof'l Med. Mgmt.*, No. CIV. 12-1863, 2013 WL 978933, at *3-*5 (E.D. Pa. Mar. 13, 2013), *appeal dismissed* (Aug. 21, 2013); *Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991). Generally, the benign symbol exception provides that "[a] debt collector does not violate [Section 1692f(8)] by using an envelope with words or notations that do not suggest the [debt collection] purpose of the communication." *Waldron*, 2013 WL 978933, at *2 (collecting cases).

ARS argues that it has not violated Section 1692f(8) by placing this barcode on the envelope because the barcode reveals no account information, the information stored in the barcode is inaccessible without being scanned with the proper equipment and software, and the act of scanning the barcode independently violates federal mail laws. In support of its argument, ARS cites to *Waldron, supra*, that when faced with the same issue determined that a barcode of this nature does not violate Section 1692f(8) and adopted the benign language exception. Plaintiff responds that the benign symbol exception does not apply here because the barcode has the ability to reveal an account number associated with Plaintiff, and the Court of Appeals for the Third Circuit has held that the inclusion of an account number on an envelope violates Section 1692f(8). *Douglass*, 765 F.3d at 302-03.

In *Waldron*, the defendant debt collector included a QR Code Symbol on a debt collection envelope, that when scanned with the proper equipment, revealed the defendant's internal account number for the plaintiff. *Waldron*, 2013 WL 978933, at *1. The court, following the reasoning in *Strand*, *Goswami*, *Lindberg* and *Masuda*, *supra*, found that the QR

Code Symbol itself conveyed no information, the symbol was not the same as making the embedded letters and numbers visible, and the embedded information, when revealed, was incomprehensible. *Waldron*, 2013 WL 978933, at *3. Therefore, the court held that the symbol and the information it revealed when scanned was benign and granted summary judgment in favor of the debt collector. *Id*. at *6.

After the district court in *Waldron* adopted the benign language exception, in a separate case, the Court of Appeals for the Third Circuit was asked to determine whether the inclusion of an account number associated to the debtor on a debt collection letter's envelope violated Section 1692f(8) or whether it fell under the benign language exception.[2] *Douglass*, 765 F.3d at 300. The Court of Appeals held that the disclosure of the account number on the envelope was not benign and violated the FDCPA.[3] *Id*. at 302-03. In so finding, it distinguished the *Strand* and *Goswami* cases finding that the markings on the envelopes in those cases did not raise the privacy concerns raised in its case and the "courts did not confront an envelope that displayed core information relating to the debt collection and susceptible to privacy intrusions."[4] *Id*. at 304-

---

2 Unfortunately for this Court, the plaintiff in *Douglass* withdrew its claim that a QR Code placed on the envelope constituted a Section 1692f(8) violation. *See Douglass*, 765 F.3d at 301 n. 4 ("Douglass no longer presses her argument that [defendant] violated the FDCPA by including the QR Code on the envelope. . . . We therefore do not decide that issue."); 306 n. 9 ("We express no opinion as the benign language exception that some courts have adopted.").

3 The Third Circuit was at least implicitly aware of the rationale set forth in *Waldron*, as it included the case in a string cite naming decisions that adopted the benign language exception. *See Douglass*, 765 F.3d at 304 n. 6. Nevertheless, it did not apply that rationale and while it did not opine as to whether Section 1692f(8) including a benign language exception, found that the benign language exception did not apply.

4 In *Strand*, the Court of Appeals for the Eighth Circuit was asked to determine whether the language "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" and a corporate logo violated Section 1692f(8). *Strand*, 380 F.3d at 317. In *Goswami*, the Court of Appeals for the Fifth Circuit was asked to determine whether marking an envelope "priority letter" violated Section 1692f(8). *Goswami*, 377 F.3d at 494. Both courts adopted the benign language exception and found that these markings were innocuous.

05. The Court of Appeals for the Third Circuit found that an "account number is not meaningless – it is a piece of information **capable of identifying** [the plaintiff] as a debtor. And its disclosure has the **potential to cause harm** to a consumer that the FDCPA was enacted to address. As we have stated before, the FDCPA 'must be broadly construed in order to give full effect to [Congress's remedial] purposes." *Id*. at 305-05 (quoting *Caprio*, 709 F.3d at 148) (emphasis added).[5] Therefore, the Third Circuit interpreted the FDCPA broadly to protect consumers' identifying information and held that the account number was not benign language and impermissible language or symbols under Section 1692f(8). *Id*. at 306.

After the *Douglass* decision, the Middle District of Pennsylvania in two separate cases was asked to determine whether the holding of *Douglass* extended to QR Codes and barcodes printed on envelopes capable of revealing an account number when scanned with proper equipment.[6] *See Styer v. Prof'l Med. Mgmt., Inc.*, --- F.Supp.3d. ---, ---, No. 3:14-CV-2304, 2015 WL 4394032, at *7 (M.D. Pa. July 15, 2015) (QR Code); *Kostik v. ARS Nat. Servs., Inc.*, No. 3:14-CV-2466, 2015 WL 4478765, at *1 (M.D. Pa. July 22, 2015) (barcode). In both cases, the court denied a motion for judgment on the pleadings (*Kostick*) and a motion to dismiss (*Styer*) and determined that the account number embedded in the barcode was no different from the account number in *Douglass* and the barcode was not a benign symbol. The court explained:

> Like the account number at issue in *Douglass*, the disclosure of the QR code, which contains Plaintiff's account number, implicates a core concern animating in the FDCPA, specifically the invasion of privacy. 15 U.S.C. § 1692(a); *see Douglass*, 765 F.3d at 303

[5] The Third Circuit underscored that the FDCPA was enacted to eliminate abusive debt collection practices which, as "Congress found, lead to personal bankruptcies, marital instability, the loss of jobs, and, relevant to our analysis, 'invasions of individual privacy.'" *Douglass*, 765 F.3d at 301-02 (quoting 15 U.S.C. § 1692(a)).

[6] Both cases were authored by District Judge William J. Nealon of the United States District Court for the Middle District of Pennsylvania and decided within one week of each other.

> (quoting 15 U.S.C. § 1692(a)). While the core piece of identifying information pertaining to Plaintiff's status as a debtor and Defendant's debt collection effort, Plaintiff's account number, is encoded, the QR code is "susceptible to privacy intrusions." *Douglass,* 765 at 305. Specifically, the Defendant's disclosure of the QR code to the public could lead to the exposure of Plaintiff's financial predicament and thus, "has the *potential* to cause harm to a consumer that the FDCPA was enacted to address." *Id.* at 306 (emphasis added). Furthermore, as noted above, the FDCPA "'must be broadly construed in order to give full effect to [Congress's remedial] purposes.'" *Id.* (quoting *Caprio,* 709 F.3d at 148). Thus, it is determined that the QR code is an impermissible symbol under section 1692f(8) because it discloses a consumer's identifying information to the public.

*Styer*, 2015 WL 4394032, at *7. The court also rejected the argument that the embedded account number was a meaningless string of numbers and letters because it was a "piece of information capable of identifying Plaintiff as a debtor." *Id*. at *8. The court emphasized that in light of *Douglass*, the court must focus "solely on the 'potential' harm that a disclosure 'could' have on a consumer in reaching its decision[,]" and this "weighs in favor of a determination that the relevant inquiry is not whether a third party could lawfully access the disclosed information, but whether the identifying information prohibited by the FDCPA was disclosed to the public and thus, there for the taking." *Id*. at *9. Finally, in considering the "core concern" of the invasion of privacy under the FDCPA, the court found that allowing a debt collector to disclose a debtor's "identifying information to the public, even if such information is embedded in a quick response code, would run afoul of these [] aspects of the FDCPA and, thus, further supports this Court's finding that section 1692f(8) has been violated[.]" *Id*. (citing *Douglass*, 765 F.3d at 302-03). *See also Kostik*, 2015 WL 4478765, at *7 (applying same rationale to a barcode).

In the instant case, this Court is asked to determine the exact issue as that determined by our sister courts: whether a barcode printed on a debt collection envelope embedded with account information capable of identifying the debtor violates Section 1692f(8) of the FDCPA in

light of *Douglass*. This Court finds that the holding in *Douglass* that a debt collector's placement of an account number capable of identifying a debtor is not benign and violates Section 1692f(8) extends to the present circumstances.[7] The relevant analysis under binding precedent is whether the disclosed information is capable of identifying the plaintiff as a debtor and whether the disclosed information has the potential to cause a debtor the invasion of privacy that the FDCPA was enacted to prevent. Plaintiff's complaint, taken as true and viewed in the light most favorable to her, alleges that ARS printed a barcode on a debt collection letter's envelope that when scanned reveals account information capable of identifying Plaintiff. Applying the binding authority of *Douglass*, and the well-reasoned persuasive authority of *Styer* and *Kostick* to the case at hand, this Court finds that there is no difference between including an account number on the face of an envelope or embedding said account number in a barcode.[8]

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant ARS National Services, Inc.'s motion for judgment on the pleadings be denied.

In accordance with Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted until November 18, 2015 to file written objections to this Report and Recommendation. Failure to do so may waive the right to appeal. Any party opposing written objections shall have fourteen days after the service of such objections to respond thereto.

---

[7] This Court, like the courts in *Douglass*, *Styer* and *Kostik*, offers no opinion on whether Section 1692f(8) includes a benign language exception.

[8] ARS submitted supplemental authority, citing a recent decision of the United States District Court for the Southern District of New York, *Gardner v. Credit Mgmt. LP*, 2015 WL 6442246, at *4 (S.D.N.Y. Oct. 23, 2015), for the proposition that *Douglass* was wrongly decided. Notwithstanding the *Gardner* court's conclusion, *Douglass* remains binding on this Court.

Dated: November 2, 2015

Respectfully submitted,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: The Honorable Cathy Bissoon
United States District Court
Western District of Pennsylvania

*Counsel for Plaintiff*
Clayton S. Morrow
Morrow & Artim, PC
304 Ross Street
7th Floor
Pittsburgh, PA 15219

*Counsel for Defendant*
Richard J. Perr
Fineman, Krekstein & Harris
Mellon Bank Center
1735 Market Street, Suite 600
Philadelphia, PA 19103-7513