IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI LINK,<br>    Plaintiff,<br>v.<br>ARS NATIONAL SERVICES, INC.<br>    Defendant | CIVIL ACTION<br><br>No.: 2:15-cv-000643-RCM |

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE ROBERT MITCHELL'S REPORT AND RECOMMENDATION**

Defendant stated that the Third Circuit in *Douglass* refused to extend its holding to barcodes. That is false, the Plaintiff in *Douglass* chose as a matter of strategy to withdraw that violation as noted in *Douglass,* 765 F.3d at 303 n. 4.

Defendant's argument that the FDCPA does not apply to the barcode at issue because other laws and regulations prohibit third parties from scanning it is unpersuasive. Neither the text nor the underlying purposes of the FDCPA provide any basis for such an exception. See 15 U.S.C. § 1692f. The FDCPA's broad language focuses on debt collectors' actions that could harm consumers and on protecting consumers' personal information. See, e.g., 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); Douglass, 765 F.3d at 303 ("Section 1692f evinces Congress's intent to screen from public view information pertinent to the debt collection." (citations omitted)). Section 1692(b) also shows Congress' intent to broadly regulate debt collector behavior through the FDCPA despite the existence of related laws: "[e]xisting laws and procedures for redressing [injuries to consumers from abusive debt collection practices] are inadequate to protect consumers." This purpose of the FDCPA is further supported by the Third Circuit's focus in *Douglass* on the potential harm the debt collector's public disclosure of the plaintiff's account number could cause (i.e., an invasion of the plaintiff's privacy) rather than on whether a third party would violate the law in accessing or using that information. See *Douglass*, 765 F.3d at 305-06; *Styer*, 2015 U.S. Dist. LEXIS 92349, 2015 WL 4394032, at *8 (noting that the Douglass opinion's focus on the debt collector's public disclosure "allows for the inference that the potential of a third party using, possessing, or transferring plaintiff's account number, was, at best, an insufficient reason to find that the disclosure of an account number was not a violation of the FDCPA"). Thus, the remedial purposes and broad language of

the FDCPA do not provide for exceptions to its prohibitions based on legislation that may forbid related behavior by third parties.

Last, this reading of *Douglass* is supported by the fact that, at the time of its decision, the Third Circuit was at least aware of certain laws and regulations that restrict access to the information disclosed on an envelope traveling through the mails. Specifically, in *Douglass,* the Third Circuit cited to the United States District Court for the Eastern District of Pennsylvania's decision in *Waldron* as an example of a court that has adopted a benign language exception to the FDCPA. *Douglass,* 765 F.3d at 304 n. 6. Importantly, the district court in *Waldron* also found that the "law and regulations concerning the handling and security of mail would make the unauthorized scanning ... difficult at best and likely illegal at worst." *Waldron*, 2013 WL 978933, at *5, 2013 U.S. Dist. LEXIS 34402, at *10–12. Thus, having cited to *Waldron,* it is safe to assume that the Third Circuit was, at the very least, aware of the laws and regulations cited in that decision.

It is clear that the opinion of Magistrate Judge Mitchell should be adopted.

Respectfully submitted:

*/s/ Clayton S Morrow*
Clayton S. Morrow

Morrow & Artim, PC
304 Ross Street
7th Floor
Pittsburgh, PA 15219
Phone (412) 209-0656
Facsimile (412) 386-3184
Email: csm@ConsumerLaw365.com

Attorneys for Plaintiff