# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI LINK, | ) |
| Plaintiff, | ) Civil Action No. 15-643 |
| v. | ) Judge Cathy Bissoon |
| | ) Magistrate Judge Robert C. Mitchell |
| ARS NATIONAL SERVICES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On November 2, 2015, the Magistrate Judge issued a Report (Doc. 19) recommending that ARS National Services, Inc.'s ("Defendant's") Motion for Judgment on the Pleadings (Doc. 10) be denied. Service of the Report and Recommendation was made on the parties.

On November 17, 2015, Defendant filed objections to the Report and Recommendation. On November 25, 2015, Terri Link ("Plaintiff") filed a Response to Defendant's objections.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the Court makes the following findings:

Pursuant to the authority and reasoning stated in the Report (Doc. 19), Defendant's objections are overruled. The Report properly extrapolates from the reasoning of the Court of Appeals for the Third Circuit in Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014), and two cases from the Middle District of Pennsylvania that post-date Douglass, in

support of the determination that the Fair Debt Collection Practices Act ("FDCPA") prohibits the disclosure of a unique barcode that, when scanned, reveals an account number identifying Plaintiff. See Styer v. Prof'l Med. Mgmt., Inc., --- F.Supp.3d. ---, ---, No. 3:14-CV-2304, 2015 WL 4394032, at *7 (M.D. Pa. July 15, 2015) (QR Code); Kostik v. ARS Nat. Servs., Inc., No. 3:14-CV-2466, 2015 WL 4478765, at *1 (M.D. Pa. July 22, 2015) (barcode).

Further, the Court notes that the language of the relevant portion of the FDCPA itself, in addition to its interpretation by courts, is notably broad. 15 U.S.C. § 1692f(8) (prohibiting the use of "*any* language or *symbol*, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business") (emphasis added), Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013) ("As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes."). Pursuant to the language of the statute and applicable case law, the Court denies Defendant's request that section 1692f(8) be narrowly construed in the instant case.

The Court specifically overrules Defendant's contention that the Magistrate Judge improperly applied a "potential to cause harm standard," which, according to Defendant, has no roots in the Douglass decision. The Court of Appeals for the Third Circuit and the court in the Middle District of Pennsylvania in fact do discuss the "potential to cause harm" as a relevant and material consideration in FDCPA cases. Moreover, the "potential to cause harm" consideration is analytically consistent with the "benign language exception,"—the application of which Defendant argues for in its briefing (Doc. 11 at 5) — as something that causes harm necessarily fails to qualify as "benign."

For the reasons stated in the Report and herein, the following Order is entered:

The Motion for Judgment on the Pleadings filed by Defendant (Doc. 10) is **DENIED**. The Magistrate Judge's Report and Recommendation dated November 2, 2015, (Doc. 19) hereby is adopted as the Opinion of the District Court.

IT IS SO ORDERED.


December 8, 2015 				s\Cathy Bissoon
						Cathy Bissoon
						United States District Judge

cc (via ECF email notification):

All counsel of record