IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI LINK, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15-643 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) Magistrate Judge Robert C. Mitchell |
| ARS NATIONAL SERVICES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is ARS National Service, Inc.'s ("Defendant's") Motion to Certify for Interlocutory Review re Order on Motion for Judgment on the Pleadings (Doc. 24) ("Motion to Certify"), filed on December 28, 2015. On December 29, 2015, Terri Link ("Plaintiff") filed his Brief in Opposition. (Doc. 26).

The standard for granting an interlocutory appeal is set forth in 28 U.S.C. § 1292(b) and states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. § 1292(b).

Each of the three elements must be satisfied for certification, and even if all the elements are satisfied, the ultimate decision to grant certification is within the district court's sole discretion. See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) cert. den., 419 U.S. 885 (1974); Hall v. Wyeth, Inc.,

2010 WL 4925258, at *1 (E.D.Pa. Dec. 2, 2010); Mitchell v. Axcan Scandipharm, Inc., 2006 WL 986971, at *1 (W.D.Pa. Mar.13, 2006). "The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Premick v. Dick's Sporting Goods, Inc., 2007 WL 588992, at *2 (W.D.Pa. Feb.20, 2007).

Both sides agree that the Court's December 8, 2015 Order denying Defendant's Motion for Judgment on the Pleadings (Doc. 22) involves a controlling question of law. The Court is not convinced that an immediate appeal would materially advance the ultimate termination of the litigation. As Plaintiff points out, there are limited factual disputes present, discovery should proceed quickly, and a Status Conference has already been scheduled for January 14, 2016.

In any event, Defendant has simply not demonstrated that exceptional circumstances set this case apart from others sufficient to warrant deviation from the basic practice of reserving appellate review until after the entry of final judgment. See Premick, 2007 WL 588992, at *2. Certification under section 1292(b) should be "sparingly" applied and only be employed in "exceptional cases." Milbert v. Bison Lab., Inc., 260 F.2d 431, 433 (3d Cir.1958). Defendant has not met its burden of demonstrating that this case differs meaningfully from other cases in which one party disagrees wholeheartedly with the Court's ruling on a motion for judgment on the pleadings.

For the reasons stated herein, Defendant's Motion to Certify (**Doc. 22**) is DENIED.

IT IS SO ORDERED.

January 11, 2016                                                    s\Cathy Bissoon
                                                                                          Cathy Bissoon

United States District Judge

cc (via ECF email notification):

All counsel of record